SALAS, PLAINTIFF AND APPELLEE, *v.* HERRERA, DEFENDANT AND APPELLANT.

## APPEAL from the District Court of Arecibo in an Action of Unlawful Detainer.

No. 2136.—Decided March 15, 1920.

UNLAWFUL DETAINER—PLEADING—EVIDENCE.—When in an action of unlawful detainer at sufferance the plaintiff claims the ownership of the property and alleges that the defendant detains it without his consent, which is equivalent to alleging that the defendant is in possession without title, these allegations are sufficient to show a cause of action; and if thereafter he produces at the trial a title recorded in his name, this is sufficient proof of the alleged ownership.

ID.—LEASE—UNRECORDED LEASE—PURCHASER OF LEASED PROPERTY.—If a property is alleged to be leased, but the lease is not recorded, and the purchaser of the property does not covenant to respect the said contract, although he may have knowledge of its existence he is not bound by its terms; and if the lessee does not agree to deliver the property, the purchaser may maintain an action of unlawful detainer against him.

The facts are stated in the opinion.

*Mr. L. Mercader* for the appellant.

*Messrs. S. B. Palmer* and *R. Siaca* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

On August 14, 1919, Plácido Salas brought an action of unlawful detainer against José Herrera, alleging that he was the owner of two adjoining properties of six and seven acres respectively, which he described, and that twelve acres, also described, were held at sufferance by the defendant, who refused to deliver it and continued in possession without his authorization. The defendant denied these allegation in his answer and alleged in his defense that he was in possession.

of the said property of twelve acres under a lease to run until 1923 from Gregorio González, who had simulated a sale to Salas so that Salas might eject him.

Judgment having been entered sustaining the complaint, it was appealed from by the defendant, who in support of his appeal alleges that the complaint does not state facts sufficient to constitute a cause of action, and that the appellee did not establish his ownership of the property sued for.

The appellant's first ground of appeal is that the complaint does not describe the consolidation of the two properties; that it describes obscurely the property of twelve acres, and that it only alleges that the appellant is in possession at sufferance.

The plaintiff having described the two properties of which he claims to be the owner, stating that they adjoin, which appears to be the fact from the descriptions given, it was unnecessary to describe the property formed by the consolidation of the two.

We do not see the obscurity alleged by appellant in the description of the twelve acres claimed, because the description states that the property is bounded on the east by a part of the two properties mentioned, inasmuch as the added area of both being thirteen acres, the twelve acres claimed must necessarily be bounded on one of the points of the compass by a part of the two properties.

As to the allegation of possession at sufferance, we find it sufficient, because the complaint sets up that the defendant holds the property without the plaintiff's authorization, which is equivalent to alleging that the defendant is in possession without title.

With regard to the second ground of appeal, it appears from the evidence examined at the trial that the plaintiff presented two deeds, recorded in the registry of property, showing that he had purchased the two properties described in the complaint. By this means he proved his allegation of

ownership, and the fact that some of the witnesses in his behalf did not agree as to the area of the properties, as to the dates of acquisition and as to the boundaries, is not sufficient to show, as the appellant claims, that the sales were simulated and that not the plaintiff but his vendor, Gregorio González, is the owner. The evidence did not show, furthermore, the existence of the alleged contract of lease between the plaintiff and the previous owner, Gregorio González, for it did not establish the duration and conditions of such lease, the fact of its record in the registry of property, or that the purchaser covenanted to respect it, but only that it expired on April 1, 1919; therefore the purchaser of the properties is not bound to respect it. *López* v. *Central Eureka, Inc.,* 27 P. R. R. 271.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.